

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DeANDREW LAMONT CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:14CV477-HEH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 For Want Of Jurisdiction)

DeAndrew Lamont Carter, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.) Carter paid the $5.00 filing fee. Accordingly, the action will be filed. Nevertheless, for the reasons set forth below, § 2241 Petition will be dismissed for want of jurisdiction.

### I. Procedural History

Carter pled guilty to possession of a firearm and ammunition by a convicted felon. *See United States v. Carter*, Nos. 3:08CR527-HEH, 3:11CV212-HEH, 2013 WL 5353055, at *1 (E.D. Va. Sept. 24, 2013). The Court found Carter qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA") and sentenced Carter to 188 months of incarceration. *Id.* On September 24, 2013, the Court denied a 28 U.S.C. § 2255 motion filed by Carter challenging his sentence. *Id.* at *3. In his present § 2241 Petition, Carter once again challenges his sentence under the ACCA.

## II. Analysis

The United States Court of Appeals for the Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, has no source of redress." *Id.* at 333 n.3 (emphasis added).

Carter fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Carter fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). Possession of a firearm and ammunition by a convicted felon remains a crime. *See Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (concluding petitioner could not utilize § 2241 to challenge his armed career

criminal status); *but see Whiteside v. United States*, 748 F.3d 541, 555 (4th Cir. 2014) (concluding inmate's erroneous sentence as a career offender constituted a fundamental miscarriage of justice), *rehearing en banc granted*, --- F. App'x ----, No. 13–7152, 2014 WL 3377981, at *1 (4th Cir. July 10, 2014). Accordingly, the Court will dismiss Carter's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: August 13 2014
Richmond, Virginia